UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

CARMEN SANCHEZ,

    Plaintiff,                         LOWER CASE NO.: 20-CA-000936-CAWS

v.

WALMART, INC.,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, WALMART STORES EAST, L.P. (incorrectly named in Plaintiff's Complaint as WALMART, INC.)[1] (hereinafter, "WALMART"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby gives notice of the removal of this case from the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County, Florida to the United States District Court for the Middle District of Florida, Tampa Division, with full reservation of rights, exceptions and defenses. As grounds for this Notice of Removal, WALMART states the following:

### I.     FACTUAL BACKGROUND

1. This removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1) and 1441 with an amount in controversy exceeding the sum of $75,000.00, exclusive of interest and costs.

---

[1] The named defendant, WALMART, INC., is not the owner or operator of Walmart Store No. 1085, where the alleged accident occurred. The Walmart store is owned and operated by WAL-MART STORES EAST, L.P. Accordingly, the undersigned counsel is appearing for and removing this case on behalf of WAL-MAR STORES EAST, L.P.

2.      On or about April 13, 2020, Plaintiff, CARMEN SANCHEZ (hereinafter, "Plaintiff"), commenced a civil action against WALMART in the Sixth Judicial Circuit Court in and for Pasco County, Florida, styled *Carmen Sanchez v. Walmart, Inc.*, and bearing Case No. 2020-CA-000936-CAWS. [A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A"].

3.      Plaintiff's Complaint was served on WALMART's registered agent on April 29, 2020. [A true and correct copy of the Notice of Service of Process and Summons is attached hereto as composite Exhibit "B"].

4.      Plaintiff's Complaint asserts a single count of negligence against WALMART. [*See* Ex. A, ¶ 8]. Specifically, Plaintiff alleges that, on September 1, 2018, Plaintiff slipped and fell on a "wet floor" at Walmart Store No. 1085 located at 8701 U.S. Highway 19, Port Richey, Florida. [*See* Ex. A, ¶¶ 3-4]. Plaintiff alleges that she sustained serious, continuing and permanent injuries as result of the accident. [*See* Ex. A, ¶ 9].

5.      Plaintiff alleges that WALMART breached its duty to provide Plaintiff with a reasonably safe environment by failing to maintain its store premises in a reasonably safe manner; failing to warn Plaintiff of the alleged unsafe condition; failing to inspect its premises for unsafe conditions that Defendant allegedly knew or should have known existed; and/or failing to prevent access to the area which had a dangerous condition. [*See* Ex. A, ¶ 8(a)-(e)].

6.      According to Plaintiff's Complaint, the amount in controversy exceeds the $75,000 jurisdictional threshold of this Court. Further, Plaintiff's Complaint specifically alleges that Plaintiff sustained serious and permanent injuries and damages from the subject accident that exceed the circuit court's jurisdictional minimum. [*See* Ex. A, ¶ 9].

7. Furthermore, on May 29, 2019, prior to commencement of this lawsuit, Plaintiff submitted a $1,000,000.00 pre-suit demand letter ("Demand Letter"), which indicated that ***Plaintiff incurred a total of $163,976.80 in past medical expenses*** in connection with the subject accident. Based on Plaintiff's alleged injuries and medical bills incurred (as of the date of the Demand Letter), Plaintiff offered to settle her claim for one million dollars ($1,000,000.00). [A true and correct copy of Plaintiff's Demand Letter is attached hereto as Exhibit "C"].[2]

8. Additionally, Plaintiff is a resident of New Port Richey, Florida, and is a citizen of the State of Florida for purposes of diversity jurisdiction. [*See* Ex. C, at p. 9; and Plaintiff's Medical Records and Customer Incident Report attached hereto as composite Exhibit "D"].

9. WALMART is a corporation organized and existing under the laws of Delaware, with its principal place of business in Arkansas.

10. This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00, exclusive of interest, attorneys' fees, and costs.

11. In accordance with 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within thirty (30) days after receipt by WALMART of Plaintiff's Complaint. [*See* Ex. B]. Therefore, the Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

12. A true and correct copy of all process, pleadings, and other papers and/or exhibits of every kind filed with the state court in this action, along with a docket sheet from the Clerk of Court, are attached hereto as composite Exhibit "E" as required by 28 U.S.C. § 1446(a).

---

[2] Walmart has not filed the entire complement of medical records which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information pursuant to the Court's Administrative Procedures, 6B. Should the Court wish to see these documents, Walmart can provide same for an *in camera* inspection.

13. Following the filing of this Notice of Removal with this Court, WALMART will file a Notice of Filing Notice of Removal pursuant to 28 U.S.C. § 1446(d) with the state court where this action is pending and will give written notice thereof to all parties.

14. WALMART reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.   REMOVAL IS TIMELY

15. In accordance with 28 U.S.C. § 1446(b)(1), WALMART files this Notice of Removal within thirty (30) days of its receipt of Plaintiff's Complaint. Plaintiff's Complaint is the initial pleading setting forth the claim for relief upon which Plaintiff's action is based. The thirty (30) day period commenced on April 29, 2020, when Plaintiff effectuated service of her initial Complaint on Walmart.

16. Further, prior to the service of Plaintiff's Complaint, Plaintiff submitted a Settlement Demand outlining Plaintiff's claimed injuries and damages, including Plaintiff's incurred medical expenses arising from her September 1, 2018 accident. [*See* Ex. C].

17. Venue is proper in this Court because the Sixth Judicial Circuit where Plaintiff filed her state court Complaint is located in Pasco County, Florida, which is located within the United States District Court for the Middle District of Florida, Tampa Division.

## III.   THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

18. The above described action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332 and is one which may be removed to this Court by WALMART, pursuant to 28 U.S.C. §§ 1441 and 1446, in that:

    A. This is an action between citizens of different states; and

    B. This is a civil action in which the amount of the controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

*See* 28 U.S.C. § 1332(a).

  **A.** **Citizenship of Plaintiff, Carmen Sanchez**

  19. Plaintiff is a resident of New Port Richey, Pasco County, Florida. Although Plaintiff's Complaint does not specifically state Plaintiff's citizenship, "[i]t is well established that a party's residence is *prima facie* evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (June 1, 20029 S.D. Fla.) (Cohn, J) (internal citations omitted).

  20. Here, Plaintiff's Demand Letter, medical records, and customer incident report indicate that she is a resident of Pasco County in New Port Richey, Florida. [*See* Ex. C, at p. 9; and Ex. D]. Plaintiff's Pasco County residence is *prima facie* evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

  **B.** **Citizenship of WALMART**

  21. WALMART is not a citizen of the State of Florida for diversity purposes in that it is not incorporated under the laws of the State of Florida and because it does not have a principal place of business in Florida.

  22. Wal-Mart Stores East, L.P., is a Delaware limited partnership, of which WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner. These are the only partners of Wal-Mart Stores East, L.P. WSE Management, LLC and WSE Investment, LLC were at the time of the filing of the Complaint, and still are, Delaware Limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (f/k/a Wal-Mart Stores East, Inc.), an Arkansas limited liability company whose parent company is Wal-Mart Stores, Inc. Wal-Mart Stores, Inc., is and was at the time of filing

the Complaint, an incorporated entity under the laws of the State of Delaware. The principal place of business for all entities mentioned is Bentonville, Arkansas. At no time material has Wal-Mart Stores East, L.P., or its general or limited partners, been a citizen of Florida. [*See* Florida Department of State, Division of Corporations, Detail by Entity Name, attached hereto as Exhibit "F"].

23. A corporation is deemed a citizen of the state in which it is incorporated and in which its principal place of business if located. 28 U.S.C. § 1332(c). Therefore, complete diversity exists between the parties in accordance with 28 U.S.C. § 1332(a).

### IV. AMOUNT IN CONTROVERSY

24. Furthermore, the statutory requirement that the amount in controversy exceeds $75,000, exclusive of interest and costs, has been satisfied because Plaintiff seeks damages that exceed the minimum jurisdictional threshold.

25. Here, Plaintiff's Complaint alleges that she sustained serious and permanent injuries and damages from the subject accident that exceed the Circuit Court's $30,000 jurisdictional minimum. [*See* Ex. A, ¶¶ 1, 9]. While the Complaint does not specify an amount in controversy, it is clear from Plaintiff's Demand Letter that her claimed damages exceed this Court's jurisdictional minimum of $75,000.00. *See Katz*, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (holding that the defendant met its jurisdictional burden of establishing the amount in controversy based on information received from the plaintiffs in the pre-suit demand package); *Mick v. De Vilbiss Air Power Co.,* 2010 WL 5140849, at *1 (M.D. Fla. Dec. 14, 2010) (finding that pre-suit settlement demand letters are competent evidence of the amount in controversy).

26. Where, as here, the Plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a ***preponderance of the evidence*** that the amount in

controversy more likely than not exceeds the . . . jurisdictional requirement." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996) (emphasis added); *see also, Williams v. Best Buy Co.*, 269 F. 3d 1316, 1319 (11th Cir. 2001).

27.     "In the Eleventh Circuit, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand." *Katz,* 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). "Additionally, a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)). "Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed." *Id*.

28.     Plaintiff's itemized and specifically detailed Demand Letter establishes that the amount in controversy exceeds the $75,000.00 jurisdictional minimum.  Specifically, Plaintiff's Demand Letter, including the medical records attached to the demand, show that Plaintiff's ***past medical bills alone total $163,976.80***. [*See* Ex. C, at pp. 8-9]. Further, based on Plaintiff's alleged injuries and medical bills, Plaintiff estimated her damages in the present matter to be at least one millions dollars ($1,000,000.00).  [Ex. C].  Additionally, Plaintiff's Complaint alleges damages for pain and suffering, permanent impairment/disability, disfigurement or scarring, loss or diminution of earnings or earning capacity, and the alleged need for future medical care.  [*See* Ex. A, ¶ 9(a)-(j)].

29.     Plaintiff's representations sufficiently and conclusively establish by a preponderance of the evidence that the amount in controversy exceeds the requisite $75,000.00

jurisdictional minimum for this Court to retain jurisdiction.

30. District courts have consistently held that the amount in controversy is satisfied by a showing that a plaintiff's pre-suit demand letter demonstrates the plaintiff's past medical bills exceed $75,000.00. For instance, in *Stramiello v. Petsmart, Inc.*, 2010 WL 2136550, at *3 (M.D. Fla. 2010), the Middle District determined that the defendant established the amount in controversy exceeded the $75,000 jurisdictional minimum because the plaintiff's medical bills exceeded $108,000.00 and plaintiff alleged that her injuries were permanent and she would seek recovery of future medical expenses and pain and suffering. *Id.* The court found the defendant established complete diversity and that the amount in controversy exceeded the jurisdictional threshold; therefore, the court denied the plaintiff's motion to remand. *Id.* at *5.

31. Similarly, in *Katz v. J.C. Penney Corp.*, the district court concluded that the removing defendant properly established the amount in controversy by addressing information received from plaintiff's pre-suit demand package. *Katz,* 2009 WL 1532129 at 4. The Court specifically noted it was persuaded that the pre-suit demand package reflected an "honest assessment" of damages by plaintiff because, like Plaintiff's Demand Letter in this case, it was based on medical records provided by the plaintiff. *Id.*

32. Additionally, in *Wilson v. Target Corp.,* the plaintiff submitted a pre-suit demand letter indicating she had incurred over $100,000.00 in past medical expenses and would incur an additional $1,000,000.00 in future medical expenses as a result of her accident. *Wilson v. Target Corp.,* 2010 WL 3632794, at *4 (S.D. Fla. 2010). Although the plaintiff's complaint did not specify the exact amount in controversy, but only plead that her damages were in excess of $15,000, the court denied plaintiff's motion to remand finding that plaintiff's pre-suit demand letter and unspecified damages in her complaint were sufficient to demonstrate by a preponderance

8

of the evidence that the amount in controversy exceeded $75,000.00. *Id.*

33. In the instant matter, Plaintiff's Demand Letter, which specifies that Plaintiff's past medical expenses exceed $160,000.000, is an honest assessment of her claimed damages in the present matter that is based on the following: (1) Plaintiff's medical records and bills attached to the Demand Letter; (2) Plaintiff's alleged injuries, which include a left knee meniscus tear and multi-level disc herniations in the lumbar and thoracic spine; (3) spinal fusion surgery at L2-3; and (4) Plaintiff's alleged need for future medical care, all of which exceed this Court's $75,000 jurisdictional threshold. [*See* Ex. C].

34. Therefore, the evidence demonstrates that Plaintiff's claimed damages in the present case far exceed $75,000. Accordingly, WALMART has shown by a preponderance of the evidence that the amount in controversy exceeds the Court's jurisdictional minimum, thus rendering removal proper.

## V.   CONCLUSION

This action is removable, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, because there exists complete diversity in this matter as the Plaintiff and WALMART are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, original jurisdiction of this matter is vested in this Court and WALMART respectfully requests that this action proceed in this Court as a matter properly removed.

**WHEREFORE**, Defendant, WALMART respectfully requests that this action currently pending in the Circuit Court for Pasco County, Florida be removed to the United States District Court for the Middle District of Florida, Tampa Division, and that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted on this 29th day of May, 2020.

>/s/ George H. Featherstone
>**JERRY D. HAMILTON**
>Florida Bar No.: 970700
>jhamilton@hamiltonmillerlaw.com
>**GEORGE H. FEATHERSTONE**
>Florida Bar No. 0624306
>gfeatherstone@hamiltonmillerlaw.com
>**MICHAEL T. RELIHAN**
>Florida Bar No.: 116053
>mrelihan@hamiltonmillerlaw.com
>HAMILTON, MILLER & BIRTHISEL, LLP
>100 South Ashley Drive, Suite 1210
>Tampa, Florida 33602
>Telephone: (813) 223-1900
>Facsimile: (813) 223-1933
>*Counsel for Defendant, Walmart*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 29, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List.

>*/s/ George H. Featherstone*
>Florida Bar No.: 0624306
>gfeatherstone@hamiltonmillerlaw.com
>HAMILTON, MILLER & BIRTHISEL, LLP

## **SERVICE LIST**

Michael L. Walker, Esq.
FBN: 0796344
Nicoletti Walker Trial Firm
7001 Ridge Road
Port Richey, FL 34668
727-845-5972 – Direct Line
727-810-7376 – Facsimile
pleadings@nwtrialfirm.com
*Counsel for Plaintiff*